Dear Senator Marionneaux:
Reference is made to your request for an opinion of this office regarding the legality of the Atchafalaya Basin Levee District constructing crossings and ramps over levee servitudes in order to provide landowners with access to portions of their property separated from other portions by the levee.
According to your correspondence, the District has a policy of constructing crossings and ramps over levees for landowners, as long as the landowner furnishes the culvert and the dirt and as long as the total estimated cost of the project would not exceed $5,000. You advise that if the crossing and ramps were not constructed, the landowners would traverse the levees without ramps or crossings, which could cause erosion to the stability of the levee system. Recently however, the Legislative Auditor has questioned whether the District has a legal obligation to perform such work, and also whether the District receives a benefit for conducting such work.
Implicitly, this inquiry must be examined in light of La. Const. Art.VII, Sec. 14, which prohibits the loan, pledge, or donation of funds by one political subdivision to another. The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal RiskAgency, 439 So.2d 399 (La. 1983). However, in Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a non-profit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
La. Const. Art. VI, Secs. 38-42 and La. La. Const. Art. VI, Secs. 38
— 42 and La.R.S. 38:281, et seq. pertain to levee districts and provide for the duties and authority of the various Districts and their Boards of Commissioners. We note that Levee Districts are given the authority to collect taxes for the purpose of " constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection and for all other purposes incidental thereto." La. Const. Art. VI, Sec 39(A).
Additionally, R.S. 38:325 provides that Levee boards are charged to:
 "engage in any activities related directly to:
 (1) Flood protection.
 (2) Construction and maintenance of levees"
In our opinion, the foregoing constitutional and statutory directives provide levee districts with the clear authority to protect the lands within their jurisdiction from flooding by maintaining the levees within their jurisdiction. As such, if the District properly determines that cooperating with landowners and constructing crossings and ramps over levee servitudes is the best and most efficient way to promote the interests of the District in levee maintenance, then it is the opinion of this office that the arrangement would not violate La. Const. Art. VII, Sec. 14. The arrangement that the District has employed in the past requires the landowner to provide the culvert and dirt needed for the crossing while the District provides the labor and equipment for the installation. This arrangement apparently minimizes the out-of-pocket expense to the District, but retains control of the placement and method of construction, which is of most importance to the integrity of the levee. This appears to be a balanced and fair effort to minimize the expense to the public body while retaining control of the actions which are the basic concerns of the District, and at the same time, meeting the legitimate need for access by landowners whose property has been burdened with the levee servitude.
This office is not a finder of fact, and is therefore not in a position to determine the likelihood or extent of possible erosion that could occur to various levees by landowners who traverse the levees without ramps or crossings. Nor are we in a position to determine the cost of such possible erosion to the levee system and the District. In our opinion, the question of whether the continued building of ramps and levees is in the best interest of the District is a determination that would best be properly evaluated by the Board of Commissioners of the District, in accordance with the guidelines set forth herein, as that determination involves the evaluation of facts.
We trust the foregoing to be of assistance. If this office can be of assistance to you in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam